KEB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Qi Jianfang,<br><br>Petitioner,<br><br>v.<br><br>Unknown Party, et al.,<br><br>Respondents. | No.    CV-26-02185-PHX-SMB (CDB)<br><br><br>**ORDER** |

Petitioner, who is confined in the San Luis Regional Detention Facility, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) and paid the filing fees for this action.

In a March 13, 2026 Order, the Court dismissed Petitioner's previous habeas corpus action, finding Petitioner was entitled to be admitted and was therefore subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Jianfang v. Unknown Party, et al.*, CV-26-01625-PHX-SMB (CDB) (D. Ariz. Mar. 13, 2026).   In the current Petition, Petitioner alleges his detention, which has lasted more than 15 months, has become prolonged and, as a result, he is entitled to a bond hearing.

The Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention.  And neither § 1225(b)(1) nor

§ 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Based on Petitioner's allegations, the Court finds Petitioner is subject to mandatory detention and, therefore, not entitled to a bond hearing under statutory or constitutional authority. The Court will dismiss the Petition without prejudice and deny as moot the Emergency Motion.

**IT IS ORDERED:**

(1)     The Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

(2)     The Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2) is **denied as moot**.

Dated this 6th day of April, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 2 -